IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL F. SPENCER,

      Plaintiff,

v.                                                                         2:07 CV 93
                                                                            (Maxwell)

DR. E. MACE, Clinical Director;
JANET BUNTS, Health Service Administrator,
WARDEN JOYCE FRANCIS, Warden,

      Defendants.

## ORDER

It will be recalled that on November 5, 2007, *pro se* Plaintiff Michael F. Spencer initiated the above-styled civil action by filing a civil rights complaint against the above-named Defendants.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e)(2) and 1915(A).

By Order entered June 13, 2008, Magistrate Judge Seibert found that summary dismissal of the above-styled civil action was not appropriate and provided the Defendants with sixty days in which to file an Answer to the Plaintiff's Complaint. The Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment and Memorandum Of Law In Support thereof were filed on September 29, 2008.  The Plaintiff's Motion In Opposition To Defendants' Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment was filed on November 3, 2008.

On November 17, 2008, Magistrate Judge Seibert  issued a Report And

Recommendation wherein he recommended that the Defendant's Motion to Dismiss be granted, except as to the Plaintiff's claim regarding untimely heart surgery; that the Plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim, except for the Plaintiff's claim regarding untimely heart surgery; and that the Plaintiff's Complaint be dismissed without prejudice for failure to exhaust his administrative remedies with regard to the Plaintiff's claim regarding untimely heart surgery.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date they were served with copies of said Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Plaintiff's Opposition To Report And Recommendation was filed on December 1, 2008.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

As previously noted, on December 1, 2008, the Plaintiff filed his Opposition To Report And Recommendation. The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected. The remaining portions of the Report And Recommendation to which the Plaintiff has not

objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Opposition To Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on November 17, 2008 (Docket No. 45), be, and the same is hereby, **ACCEPTED** in whole, and the Court hereby incorporates the findings of fact and conclusions of law made by Magistrate Judge Seibert in said Report And Recommendation. It is further

**ORDERED** that the Defendants' Motion To Dismiss (Docket No. 34) be and the same is hereby, **GRANTED**, except as to the Plaintiff's claim regarding untimely heart surgery. It is further

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DENIED and DISMISSED with prejudice**, except for the Plaintiff's claim regarding untimely heart surgery. It is further

**ORDERED** that the Plaintiff's claim regarding untimely heart surgery be, and the same is hereby, **DENIED and DISMISSED without prejudice** for failure to exhaust his administrative remedies. It is further

**ORDERED** that, in light of the dismissal of the above-styled civil action, the following Motions be, and the same are hereby, **DENIED as moot**:

1. Plaintiff's Motion For Determination Of Status (Docket No. 53), and

2. Plaintiff's Motion For Court Order For Return Of Property (Docket No. 54).
It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants. It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**ENTER:** September __17__, 2009

/S/ **Robert E. Maxwell**
United States District Judge